# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

**BERTRAM MCMANIS**                                                       **PETITIONER**

**v.**                                  **No. 2:04CV261-M-B**

**DESOTO COUNTY CIRCUIT COURT, ET AL.**             **RESPONDENTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Bertram McManis (# R0040) for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has answered the petition. McManis has replied. The matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be denied.

### Facts and Procedural Posture

Bertram McManis is in the custody of the Mississippi Department of Corrections and housed at the Mississippi State Penitentiary in Parchman, Mississippi. He was convicted of two counts of aggravated assault (stabbing his uncle and his father) in the DeSoto County Circuit Court and sentenced as a habitual offender to serve concurrent terms of twenty years on each count in the Mississippi Department of Corrections.

The petitioner, through counsel, appealed the conviction and sentence to the Mississippi Supreme Court, assigning as error the following:

    A.    That the Court erred in granting the State's instructions no. S1 and no. S2.

    B.    That the Court erred in failing to grant the motion for directed verdict and motion for JNOV.

On September 7, 2004, the Mississippi Court of Appeals affirmed the petitioner's conviction and sentence. *McManis v. State,* 901 So. 2d 648 (Miss. App. 2004), *reh'g denied,* November 23, 2004, *cert. denied,*[1] May 12, 2005 (Cause No. 2003-KA-00836-COA).

McManis, proceeding *pro se*, filed several pleadings in the state court seeking post-conviction relief. The first of these motions was a December 2, 2004, pleading entitled "Post-Conviction Petition" in which he raised the following issues for the court's review (as stated by the petitioner):

A. False Charges

B. Negligence

C. Conspiracy Claims

D. Racial and Age Discrimination

E. Poverty

The Mississippi Supreme Court dismissed the post-conviction application without prejudice as premature on January 25, 2005, finding:

> The Court of Appeals decided McManis's direct appeal on September 7, 2004. After the Court of Appeals denied his request for rehearing, McManis filed a pro se petition for writ of certiorari. That petition is still pending in this Court and the mandate has not issued. The panel finds that the petition for post-conviction relief is premature and should be dismissed without prejudice.

(January 25, 2005, order in Cause No. 2004-M-02413).

---

[1] The correspondence folder of the state court record in Cause No. 2003-KA-00836 contains a *pro se* "Motion for Briefing" filed October 11, 2004, which was denied by Order of the court on October 13, 2004, based on a finding that the matter was pending on rehearing before the court. After rehearing was denied, McManis filed a *pro se* petition for writ of *certiorari*.

On April 14, 2005, McManis filed a "Motion to Vacate and Set Aside Judgment" in the Mississippi Supreme Court.[2] McManis again raised his claim that the state violated his right to protection against double jeopardy. He argued that the trial court's consideration of his prior offenses to sentence him as a habitual offender under MISS. CODE ANN. § 99-19-81 constituted a violation of the double jeopardy clause of the Constitution. McManis added (without additional argument), "This is no doubt double jeopardy but also prosecutorial misconduct that is now noticed." McManis's motion was denied by Order of the Mississippi Supreme Court filed May 4, 2005, wherein the court found that "the application fails to make a substantial showing of the denial of a state or federal right as required by MISS. CODE ANN. § 99-39-27(5)." (May 4, 2005, Order in Cause No. 2004-M-02413).

McManis filed a third pleading in the Mississippi Supreme Court on May 13, 2005, entitled "Post-Conviction Petition." McManis raised the following grounds in that petition (as stated by petitioner, with slight additions by the court for the sake of clarity):

A. False charges

B. Double Jeopardy Violation

C. Ineffective Assistance of Trial Counsel [only saw attorney twice prior to trial; trial counsel argued a lesser offense despite McManis's claim that he did not touch victims].

By Order filed May 27, 2005, the Mississippi Supreme Court denied the petitioner's motion,

---

[2]The state court folder also contained a document that was labeled with the cause number for McManis's habeas petition and that was not stamped as "filed." This pleading, entitled "Amended Complaint," was dated April, 2005. In that motion McManis re-argued his claim of double jeopardy based on his claim that the habitual sentencing statute subjected him to being punished twice for his prior offenses, the claim which was raised in his motion to vacate and heard by the court.

finding that the application was "procedurally barred as a successive writ pursuant to MISS. CODE ANN. § 99-39-27(9)." (May 27, 2005, Order in Cause No. 2004-M-02413).

The petitioner filed two additional pleadings in the state court in his post-conviction matter: a "Notice of Appeal For the Motion to Vacate and Set Aside Judgment" filed May 27, 2005, and a "Motion to Dismiss Trial Court Counsel For Ineffective Assistance," in which the petitioner argued for the first time additional claims of ineffective assistance of counsel. The court denied both motions on June 16, 2005, finding that "reconsideration is not permitted under M.R.A.P. 27(h)[,] and [] the present motions should be denied." (June 16, 2005, Order in Cause No. 2004-M-02413).[3] McManis filed the instant federal petition for a writ of *habeas corpus* on August 27, 2004[4], in which he argues the following grounds for relief (with slight modification by the court in the interest of brevity and clarity):

1. False Charges - The police arrested the appellant on false statements given to them. The petitioner does not remember attacking the alleged victims and was lied on by the plaintiffs . . . . The courts in sole agreement with the plaintiff and not the petitioner are continuing to violate the Due Process Clause and hold the liberty of the petitioner against the evidence and credibility of the petitioner and eyewitness Bertram McManis.

---

[3]Despite the label placed on the pleadings by McManis, the court found that the motion filed by McManis entitled "Notice of Appeal" was in the nature of a motion for reconsideration, and also referenced the additional motion to dismiss counsel as an "ancillary motion." In addition, a review of the motions clarifies that McManis was attempting to seek reconsideration – the "Notice of Appeal" was filed to "appeal the May 4, 2005, Order of the Supreme Court" and the "Motion to Dismiss Counsel" asked that the case be "reheard on Jack Jones' ineffective assistance." *See* Motions in Cause No. 2004-M-02413.

[4]McManis has actually filed two federal petitions in this cause. The court permitted McManis to amend his original petition, and McManis submitted his amended petition on August 5, 2005. The August 2005 petition is the petition under review in this memorandum opinion.

2. Double Jeopardy - I am being punished for the same crime twice. Mississippi Code Ann. 99-19-81 is the habitual offender. . . . Mississippi Code Ann. 99-19-81 is . . . using old prior convictions and the same offenses twice to extend prison time. . . .

3. Ineffective Assistance of Counsel - The petitioner only met with trial counsel twice before trial . . . . The petitioner had no knowledge of his own trial date.

4. Ineffective Assistance of Counsel - The lawyer Jack Jones did not cross-examine a witness Latesha Pegues who claimed obstruction to the defense. . . . Then in the discovery an eyewitness Lee Moody wrote on a written statement something different than John McManis said in the transcript. . . . Counsel fails to bring it to the attention of the court or make any objections so it is clear he's lying.[5]

**Discussion**

For the reasons set forth below, none of the petitioner's claims can be reviewed by this court. The petitioner's claims can be divided into three groups: (1) those never presented to the Mississippi Supreme Court (Ground Four), (2) those procedurally defaulted in state court (Grounds One and Three), and (3) those heard on the merits in state court (Ground Two).

**Ground Four - Not Presented to the Mississippi Supreme Court**

The petitioner never presented the ineffective assistance of counsel claims set forth in Ground Four in either his direct appeal or in his motion for post-conviction relief to the state court. The petitioner claims that trial counsel was ineffective for failing to cross-examine Latasha Pegues, failing to object to the testimony of John McManis because it contradicted the statement of Lee Moody, and failing to call victim Bobby Marshall as a witness. In his motion for rehearing and his motion to dismiss counsel filed in state court after post-conviction relief

---

[5]In his supporting brief, the petitioner also argues that counsel should have called victim Bobby Marshall to testify.

had been denied, the petitioner raised these issues for the first time. The court, however, determined that a motion for rehearing was not a proper pleading under state law and dismissed the motions. In addition, rehearing is not the proper procedure to raise issues for the first time. *Brewer v. State,* 819 So. 2d 1169, 1175 (Miss. 2002); *White v. State*, 761 So. 2d 221, 225 (Miss. App. 2000); *Brandau v. State*, 662 So. 2d 1051, 1053 (Miss. 1995); MRAP 40(a). The petitioner has filed both a direct appeal and two applications for leave to seek post-conviction relief in state court. As such, he clearly has no remaining avenue in which to pursue these claims in the state's highest court. The petitioner's procedural default has rendered state remedies unavailable to him; therefore, this federal court is barred from reviewing those claims. *Sones v. Hargett*, 61 F.3d 410 (5th Cir. 1995), *Coleman v. Thompson*, 501 U.S. 722, 111 S.C. 2546, 115 L.Ed.2d 640 (1991).

## Cause and Prejudice, Fundamental Miscarriage of Justice

The petitioner has not shown "cause" for his default under the "cause and prejudice" test because no external impediment existed to prevent him from raising this grounds in state court; as such, this court cannot reach the merits of the claims despite the procedural bar. *United States v. Flores*, 981 F.2d 231 (5th Cir. 1993). McManis argued in his petition that he was unable to get a copy of his transcript during state court proceedings. This argument does not establish cause for the default. The petitioner was present at the trial, and the claims of ineffective assistance he raises in the instant petition turn on counsel's failure either to call or cross-examine witnesses. The petitioner was clearly aware of these claims without need of the record. In addition, he requested and received the record. The correspondence folder of the state court record contains a letter from the petitioner (stamped "filed" on September 20, 2004) to the clerk of the state court

requesting the record, and a notice dated October 1, 2004, that the record was forwarded to the prison law library for the inmate's review. The petitioner could have argued these claims of ineffective assistance of counsel as grounds for relief in state court. He did not. Hence, absent a showing of "cause," it is unnecessary for this Court to consider whether the petitioner suffered prejudice. *Martin v. Maxey*, 98 F.3d 844, 849 (5th Cir. 1996).

Finally, there will be no "fundamental miscarriage of justice" if the petitioner's claims are not heard on the merits. This exception is confined to cases of actual innocence, "where the petitioner shows, as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (citing *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)). The petitioner has made no such showing in this case. As such, his ineffective assistance of counsel claims in Ground Four shall be denied.

### Grounds One and Three – Procedurally Barred as a Successive Writ

The petitioner raised Ground One (his alleged inability to remember the attack on his father and uncle) and Ground Three (ineffective assistance of counsel) in his third attempt at post-conviction in state court. The third post-conviction motion was found to be a successive application under MISS. CODE ANN. § 99-39-27(9), which provides, in pertinent part, that "The dismissal or denial of an application under this section is a final judgment and shall be a bar to a second or successive application under this article. . . ." Although the statute contains limited exceptions to the bar, the Mississippi Supreme Court found that the petitioner's third post-conviction application was not subject to any of those exceptions.

### Independent and Adequate State Procedural Rule

A claim in a federal petition for a writ of *habeas corpus* is barred if the state court rejects the claim under an independent and adequate procedural rule. *Smith v. Cockrell,* 311 F.3d 661, 684 (5th Cir. 2002) (citations omitted).

### Independent Test

"So long as the 'last state court rendering a judgment in the case "clearly and expressly" states that its judgment rests on a state procedural bar,' we can conclude that the state court rested its decision *independently* on the state procedural grounds." *Smith v. Cockrell,* 311 F.3d 661, 684 (5th Cir. 2002) (citations omitted)(emphasis added). The Mississippi Supreme Court made clear its intent to deny Grounds One and Three based on the procedural bar in MISS. CODE ANN. § 99-39-27(9). Thus, the state procedural bar stands as an independent basis to deny the petitioner relief on his claims in Grounds One and Three.

### Adequate Test

The state procedural bar is adequate if "Mississippi has strictly or regularly applied it." *Id.* (*citing Lott v. Hargett,* 80 F.3d 161, 165 (5th Cir. 1996)). The Fifth Circuit has upheld the general application of Mississippi's post-conviction statutes (known as the Uniform Post-Conviction Collateral Relief Act, or UPCCRA): "After reviewing the cases in which the Mississippi courts have applied the UPCCRA, we do not find any evidence that the Mississippi courts have applied the UPCCRA in an inconsistent manner." *Moore v. Roberts,* 83 F.3d 699, 703 (5th Cir. 1996).

There is no Fifth Circuit decision on the adequacy of the successive writ bar contained in § 99-39-27(9). Nonetheless, the Fifth Circuit has upheld Mississippi's successive writ bar as set

forth in a nearly identical statute, MISS. CODE ANN. § 99-39-23(6). *Moawad v. Anderson,* 143 F.3d 942, 947 (5th Cir. 1998); *see also Lott v. Hargett,* 80 F.3d 161, 164, 165 (5th Cir. 1996); *Chancellor v. Mississippi,* 121 Fed. Appx. 878 (5th Cir. 2005). The only difference between the two successive writ statutes is the state court in which the proceeding originates: the Mississippi Supreme Court for § 99-39-27(9) – the trial court for § 99-39-23-(6). The court can discern no rational reason to reject one of these sections as inadequate while accepting the other as adequate. Therefore, the court finds MISS. CODE ANN. § 99-39-27(9) to be an adequate state procedural bar. As the Mississippi Supreme Court found petitioner's claims set forth in Grounds One and Three to be barred under § 99-39-27-(9), this court may not review those grounds.

### Cause and Prejudice, Fundamental Miscarriage of Justice

The petitioner has not shown "cause" for his default under the "cause and prejudice" test; as such, the court cannot overcome the state procedural bar to reach the merits of the petitioner's claims. *United States v. Flores,* 981 F.2d 231 (5th Cir. 1993); *Hill v. Black,* 932 F.2d 369 (5th Cir. 1991). Likewise, the petitioner has failed to show a "fundamental miscarriage of justice" necessary to circumvent the bar because he has not shown "as a factual matter, that he did not commit the crime of conviction," using new, reliable evidence that was not presented at trial. He must show that it was "more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Fairman v. Anderson,* 188 F.3d 635, 644 (5th Cir. 1999) (citing *Ward v. Cain,* 53 F.3d 106, 108 (5th Cir. 1995)). The petitioner's mere allegation that he does not remember stabbing his victims does not meet this rigorous standard.

Therefore, the court finds that the state procedural bar used to dismiss the petitioner's claims in Grounds One and Three was both independent and adequate, and these grounds shall be dismissed from the instant petition for a writ of *habeas corpus* as procedurally defaulted. *Coleman v. Thompson,* 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

### Ground Two - Decided on the Merits in State Court

The Mississippi Supreme Court has already considered Ground 2 (double jeopardy) on the merits and decided that issue against the petitioner; hence, this claim is barred from *habeas* review by the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2254(d), unless it meets one of the two exceptions:

> (d) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings *unless* the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Id.* (emphasis added). The first exception, subsection (d)(1), applies to questions of law. *Morris v. Cain*, 186 F.3d 581 (5th Cir. 2000). The second exception, subsection (d)(2), applies to questions of fact. *Lockhart v. Johnson*, 104 F.3d 54, 57 (5th Cir. 1997). Since the petitioner's claim challenges only the application of law and not the finding of fact, the court shall consider only subsection (d)(1).

Under subsection (d)(1), a petitioner's claim merits *habeas corpus* review if its prior adjudication "resulted in a decision that was *contrary to*, or involved an *unreasonable application* of, clearly established Federal law." *Id.* (emphasis added). A state court's decision is *contrary to* federal law if it arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law, or if it decides a case differently from the Supreme Court on a set of "materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 1523 (2000). A state court's decision involves an *unreasonable application of* federal law if it identifies the correct governing principle but unreasonably (not just incorrectly) applies that principle to facts of the prisoner's case; this application of law to facts must be *objectively* unreasonable. *Id.* at 1521. As discussed below, the petitioner has not shown that the Mississippi Supreme Court unreasonably applied the law to the facts, or that the court's decision contradicted federal law. Accordingly, the exception in subsection (d)(1) does not apply to Ground Two of the instant petition.

The petitioner claims in Ground Two that he was punished twice for the same crime in violation of his right to protection against double jeopardy. Specifically, he claims that the enhancement of his sentence as a habitual offender under MISS. CODE ANN. § 99-19-81, amounts to double jeopardy. Sentence enhancements are not additional punishment for the previous offense – and therefore do not place a defendant in jeopardy for the previous offense. *Monge v. California,* 524 U.S. 721, 728, 118 S.Ct. 224, 141 L.Ed.2d 615 (1998) (citations omitted).

> An enhanced sentence imposed on a persistent offender thus is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes *but as a stiffened penalty for the latest crime*, which is considered to be an aggravated offense because a repetitive one. *Gryger v. Burke,* 334 U.S. 728, 732, 68 S.Ct. 1256, 1258, 92 L.Ed. 1683 (1948); *cf. Moore v. Missouri,* 159 U.S. 673, 678, 16 S.Ct.

> 179, 181, 40 L.Ed. 301 (1895) ("[T]he State may undoubtedly provide that persons who have been before convicted of crime may suffer severer punishment for subsequent offences than for a first offence").

*Id.* (emphasis added). Therefore, the petitioner was not subjected to double jeopardy by the enhancement of his sentence under state statute, and the state court applied prevailing federal law reasonably. As such, Ground Two of the instant petition for a writ of *habeas corpus* shall be dismissed under 28 U.S.C. § 2254(d)(1), as reasonably decided on the merits by the state court.

In sum, all of the claims in the instant petition shall be dismissed. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 20th day of March, 2007.

                            **/s/ Michael P. Mills**
                            **UNITED STATES DISTRICT JUDGE**